# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEMYRON LASHUN ROBINSON,

        Defendant-Appellant.

UNPUBLISHED
November 24, 2015

No. 322731
Berrien Circuit Court
LC No. 2005-403390-FH

Before: MARKEY, P.J., and OWENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of his motion for relief from judgment. In 2005, defendant pleaded guilty to possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv). Although defendant is no longer incarcerated by the State of Michigan, he is presently serving another sentence for a federal offense; he asserts that his federal sentence was enhanced on the basis of his conviction in this matter. Significantly, the arresting officer, Benton Harbor Police Officer Andrew Collins, later turned out to have been in the regular practice of falsifying police reports, stealing evidence from narcotics arrests, and planting those stolen drugs on other people in order to obtain warrants. Collins pleaded guilty in federal court to drug offenses. Defendant relies on evidence of Collins's misconduct and a later fingerprint analysis, purportedly showing no match to defendant, of a brown paper bag Collins reported that he discovered in the room where he arrested defendant. While we find the situation disturbing, we nevertheless affirm.

Defendant argues that he is entitled to relief from judgment pursuant to MCR 6.508(D)(3). We review a trial court's findings of fact for clear error and its ultimate decision whether to grant a motion for relief from judgment for an abuse of discretion. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Id*. at 628-629 (internal citations omitted). "The clear error standard asks whether the appellate

---

[1] *People v Robinson*, unpublished order of the Court of Appeals, entered October 16, 2014 (Docket No. 322731).

-1-

court is left with a definite and firm conviction that a mistake has been made." *People v Rhodes*, 495 Mich 938; 843 NW2d 214 (2014).

MCR 6.500 *et seq*. governs motions for relief from judgment. *Swain*, 288 Mich App at 629. A defendant bears the burden of establishing that he is entitled to relief. *Id*. See also MCR 6.508(D). Under MCR 6.508(D), a trial court is barred from granting relief to a defendant if the motion:

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> > (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> >
> > (b) actual prejudice from the alleged irregularities that support the claim for relief . . .

A trial "court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." MCR 6.508(D)(3). Because defendant pleaded guilty, defendant must demonstrate either of the following to show "actual prejudice:" (1) "the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand," or (2) "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." See MCR 6.508(D)(3)(b)(ii) and (iii).

Defendant fails to address the "good cause" requirement on appeal. Rather, he argues that because there is a "significant possibility" that he is innocent, the requirement should be waived. As we will discuss, we disagree with defendant's latter argument. However, we are prepared to presume for the purposes of resolving the instant appeal, without purporting to render an explicit decision on the point, that the extremely disturbing possibility of severe police misconduct that only came to light after defendant's conviction may be deemed "good cause" under the circumstances. Nonetheless, we do not find that defendant has demonstrated actual prejudice. Specifically, a plain reading of the Court Rule requires the defect or irregularity to involve *the specific proceedings* from which the defendant seeks relief.

In a nutshell, defendant asserts that he is actually innocent but entered his plea on the basis of police misconduct. We appreciate that it is *possible* that an innocent defendant may feel railroaded into entering a guilty plea in the face of evidence being planted on his person by a corrupt police officer and the ensuing apparent futility of attempting to exonerate himself. We agree that under that circumstance, a guilty plea might not truly be "voluntary" despite all superficial appearances to the contrary. However, we likewise appreciate that it is *possible* for a genuinely guilty defendant to seize upon the opportunity to claim innocence when such a corrupt police officer is uncovered. We are unpersuaded that the mere fact that Collins abused his position of authority and trust *necessarily* means that each and every arrest Collins made was a

"bad" one. Consequently, Collins's misconduct does not *necessarily* pertain to the specific conviction from which defendant seeks relief.

The evidence shows that Collins enumerated which of the cases with which he had been involved were good and which were bad, and that he was "[a] hundred percent confident" in that enumeration. The Berrien County Prosecutor's Office undertook a review of all cases in which Collins had participated, and any conviction in which Collins had been involved that was at all "fishy" was set aside. The only evidence defendant provides tending to show any irregularity or defect in *the conviction at issue* is the allegedly exonerating fingerprint evidence from the brown paper bag. However, the laboratory report is not in fact exonerating; it only states that the fingerprint was of poor quality and could not be matched to defendant. Consequently, the report neither proves nor disproves anything. Likewise, in the absence of any evidence that Collins committed misconduct pertaining to defendant's particular arrest in this matter, and indeed evidence tending to suggest that he did not; we cannot conclude that any defect in *these* proceedings rendered *this* guilty plea involuntary.

Defendant finally contends that "the irregularity [was] so offensive to the maintenance of a sound judicial process that the convictions should not be allowed to stand regardless of its effect on the outcome of the case." We disagree. The law treats discrete cases individually. Certainly, Collins's misconduct *is* deeply offensive to the judicial process. However, as discussed, the evidence simply does not show that Collins acted improperly in *this* case. Consequently, there is no evidence that there was an "irregularity" that played any role in defendant's plea and conviction. We therefore conclude that the trial court did not make any clearly erroneous findings of fact or commit any abuse of discretion in finding that defendant failed to establish actual prejudice or that his plea was involuntary.

Affirmed.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Amy Ronayne Krause